IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:17CR00225 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | |
| | ) | |
| MARTIN R. STANCIK, | ) | GOVERNMENT'S SENTENCING |
| | ) | MEMORANDUM AS TO MARTIN R. |
| Defendant. | ) | STANCIK |

Now comes the United States of America, by and through its counsel, Justin R. Herdman,

United States Attorney, and Chelsea S. Rice and Alejandro A. Abreu, Assistant United States

Attorneys, and submits the following memorandum in aid of sentencing in this case.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By:  /s/ Alejandro A. Abreu
Alejandro A. Abreu (OH: 0089477)
Chelsea S. Rice (OH: 0076905)
Assistant United States Attorneys
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3620 / 3752
(216) 522-7358 (facsimile)
Alejandro.A.Abreu@usdoj.gov
Chelsea.Rice@usdoj.gov

## SENTENCING MEMORANDUM

### I.    SUMMARY OF THE CASE

On June 8, 2017, the government filed an Information against Stancik charging him with violations of 18 U.S.C. § 1341, and 18 U.S.C. § 1028A(a)(1), mail fraud and aggravated identity theft, respectively.  (R. 1: Information).  On June 9, 2017, this Court issued an order referring the matter to Magistrate Judge Limbert for the purpose of conducting an arraignment and receiving Defendant's guilty plea. (R. 2: Order of Referral).  On June 27, 2017, Stancik was summonsed to appear for an initial appearance, arraignment and plea hearing but failed to appear.  Magistrate Judge Limbert issued an arrest warrant, which was held in abeyance pending Stancik's appearance at the hearings that were rescheduled for July 12, 2017.  On July 12, 2017, Magistrate Judge Limbert held a hearing during which Stancik consented to the order of referral (R. 8: Consent to Order) and entered a guilty plea as to Counts 1 and 2 of the Information. Magistrate Judge Limbert received Stanick's guilty plea and issued a Report recommending that this Court accept his plea and enter a finding of guilty.  (R. 10: R&R).  On July 26, 2017, upon *de novo* review of the record, this Court adopted the Report and Recommendation and adjudged Stancik guilty of Mail Fraud and Aggravated Identity Theft.

The facts underlying the charges, as established by Stancik's admissions in connection with his guilty plea and additional evidence developed through the investigation, are set forth below.

Martin R. Stancik has worked as a financial advisor since April 1971.  Between 2003 and 2014, he was employed as such at three different firms, MONY Life Insurance Company, AXA Equitable Life Insurance Company, and Voya Financial, Inc.  He was also self-employed as an investment advisor using the company name Many Plans Services Company ("MPSC").  Stancik

was able to develop his financial advising based on relationships he developed with clients and the trust they placed in him.  Unfortunately, instead of using his decades of experience in the business to benefit his clients, he exploited them for his own benefit.

For at least 12 years, Stancik victimized his clients—stealing over $500,000 from four clients.  He preyed on vulnerable, retired, elderly victims by earning their trust and making them believe that he would use their money to purchase annuities and life insurance policies. Instead, he stole much of the money, took out loans on against one of his client's life insurance policies, and assumed a client's identity to steal from her bank accounts.  To conceal his fraud, he created false documents purporting to be account statements for the policies he never purchased and provided those statements to his clients so they would believe the policies existed.

## II.      SENTENCING GUIDELINES CALCULATIONS

When fashioning an appropriate sentence for a defendant, a court must first consider the applicable guidelines range under 18 U.S.C. § 3553(a)(4).  United States v. Thompson, 515 F.3d 556, 560 (6th Cir. 2008).  Although the sentencing guidelines are advisory, they are the "starting point and the initial benchmark" for federal sentencing.  Id. at 560-61.  A court may find facts by a preponderance of the evidence when calculating the appropriate guidelines range.  United States v. Gates, 461 F.3d 703, 707-08 (6th Cir. 2006).  Once a court has determined the appropriate sentencing range, it should then consider that range in light of the other relevant § 3553(a) factors.  Thompson, 515 F.3d at 561.

Stancik pleaded guilty to one count of mail fraud and one count of aggravated identity theft.  The Probation Office correctly started Stancik's Guideline calculation at a base offense level of 7, pursuant to the United States Sentencing Guidelines ("USSG") § 2B1.1.  (R. 19: Final PSR ¶ 91, PageID 156).  An additional 12 levels were correctly added to the defendant's base offense level because the loss amount was between $250,000 and $550,000, pursuant to U.S.S.G

3

§ 2B1.1(c)(1)(G). Id. at ¶ 92, PageID 156. The Probation Office also correctly added two levels because Stancik's offense resulted in a substantial hardship for at least one victim, pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(iii). Id. at ¶ 93, PageID 157. Specifically, as reported by two of the victims, M.N. and R.S., they have had to seek additional employment after retirement or cannot retire because of the substantial loss to their retirement savings. A third victim, A.B., now 73 years old, wrote that he would never had retired had he known Stancik had stolen the $150,000 in life insurance proceeds A.B. received after his son committed suicide and that it would be difficult to find employment he could do at his age. Finally, two levels were correctly added because Stancik abused his position of private trust in a manner that significantly facilitated the commission or concealment of the offense, pursuant to U.S.S.G. § 3B1.3. Id. at ¶ 94, PageID 157.

In summary, the government believes that the total offense level for Count 1, before any departures for acceptance of responsibility, should be 23.

| Count 1: Title 18 U.S.C. § 1341: Mail Fraud | | |
|---|---|---|
| Base offense level | 7 | § 2B1.1(a)(1) |
| Loss: $250,000 - $550,000 (i.e., $543,369.62) | +12 | § 2B1.1(b)(1)(G) |
| Substantial financial hardship to one or more victims | +2 | § 2B1.1(b)(2)(A)(iii) |
| Abuse of Position of Trust: | +2 | § 3B1.3 |
| **Total Offense Level before Acceptance of Responsibility** | **23** | |

Count 2, Title 18 U.S.C. § 1028(a)(1), Aggravated Identity Theft, carries a statutorily imposed two-year mandatory-minimum sentence to run consecutive to the sentence imposed for Count 1. U.S.S.G. § 5G1.2(a).

## III.    SECTION 3553(a) FACTORS

In this case, in light of the nature and circumstances of the offense, the history and characteristics of the defendant, the need to reflect the seriousness of the offenses and provide just punishment, and the need to afford adequate deterrence, the government respectfully

4

recommends that the maximum sentence within the Guidelines is sufficient but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a).

The Sixth Circuit Court of Appeals requires that a district court provide a reasonable explanation of its application of the sentencing factors set forth in Title 18, § 3553 of the United States Code in imposing sentence. In Blackwell, 459 F.3d at 773, the Sixth Circuit announced:

> The job of the district court is to impose "'a sentence sufficient, but not greater than necessary, to comply with the purposes' of section 3553(a)." In reaching a sentence that complies with the purposes of § 3553(a), the district court must consider the Sentencing Guidelines range and all relevant § 3553 factors. While a district court need not explicitly reference § 3553 or recite a list of factors, it must provide a reasoned explanation for its choice of sentence and its explanation must be sufficiently thorough to permit meaningful appellate review. . . . This Court will only uphold a sentence if it is reasonable. Reasonableness contains two facets: substantive and procedural. In reviewing for reasonableness, the Court employs a presumption for substantive reasonableness.

(Citations omitted.)  Id.  The Sixth Circuit has stated that, "while a district court need not engage in a 'ritualistic incantation' of the § 3553(a) factors, its reasoning must be 'sufficiently detailed to reflect considerations listed in § 3553(a) and to allow for meaningful appellate review.'" United States v. Tanner, 382 F. App'x. 421, 423 (6th Cir. 2010) (quoting United States v. Bolds, 511 F.3d 568, 581 (6th Cir. 2007) and United States v. Mayberry, 540 F.3d 506, 518 (6th Cir. 2008)).  Therefore, a district court must impose a reasonable sentence while expressing enough of its rationale to permit an appellate court to understand the basis for the sentence imposed.

### A.      Nature and Circumstances of the Offense

Stancik exploited his client's trust to manage their financial affairs in order to fund his lifestyle.  The evidence shows that he engaged in a scheme to steal his clients' money, and then lie to them to avoid detection and to gain access to even more of their money.  It is evident that Stancik victimized clients who were elderly and vulnerable.  All of the victims are now 70-80 years old and have lost significant amounts of money they planned to use for their retirement.

5

Knowing that the victims were at or close to retirement age when he stole their money demonstrates the Stancik's intent to harm his victims.

Furthermore, Stancik's knowledge of his victim's personal circumstances make his crimes even more egregious. The investigation revealed that the he stole $150,000 from A.B., knowing that the money was directly attributable to life insurance proceeds A.B. received after his son's suicide, less than five months after the son's death. Similarly, Stancik stole $234,926 from M.N. after consoling her on the loss of her husband who committed suicide in 2005. On the day of her husband's death, M.N. and her daughter met with Stancik, who served as M.N.'s husband's financial advisor, to discuss concerns about her husband's mental state. When M.N. returned home she found that her husband had committed suicide. M.N. immediately called Stancik, who came to M.N.'s house, purportedly to console M.N. and her daughter. Stancik created a trusting bond with M.N. and her daughter—then he stole M.N.'s money. As such, Stancik's criminal conduct, which lasted the better part of 12 years, was serious, both because of its extended duration, and because of its nature, which involved exploitations of numerous vulnerable individuals, deception of the victims, and disregard or the well-being of the vulnerable victims, all for the his own financial gain. The criminal conduct was sufficiently serious to warrant a maximum Guidelines sentence.

### B. History and Characteristics of the Defendant

Stancik abused the trust placed in him by his clients for the better part of 12 years. There is evidence that as far back as 2003, he preyed upon his clients regardless of their circumstances. He took advantage of R.S. when he was grieving over the loss of his wife and son in 2003 and did it again to M.N. by gaining her trust after her husband's death in 2005 only to steal her money and identity over a number of years. Stancik's predation on the vulnerable warrants a maximum sentence within the Guidelines range.

**C.      Need of the Sentence to Reflect the Serious of the Offense, to Promote Respect for the Law, and to Provide Just Punishment**

Imposing the maximum sentence within the range suggested by the Guidelines would reflect the seriousness of Stancik's offenses, promote respect for the law, and provide just punishment. As demonstrated above, Stancik's conduct was egregious and his crimes were serious. The substantial harm caused to the victims by Stancik warrants substantial punishment. Only a significant sentence will promote proper respect for the law and provide just punishment for his crimes.

**D.      The Need of the Sentence Imposed to Afford Adequate Deterrence and Protect the Public from further crimes of the Defendant**

Imposing the maximum sentence within the Guidelines range would also deter others from exploiting their clients and using client money to enrich themselves. United States v. Flores-Machicote, 706 F.3d 16, 22 (1st Cir. 2013) ("Deterrence is widely recognized as an important factor in the sentencing calculus."); United States v. Miller, 484 F.3d 964, 967-68 (8th Cir. 2007) ("general deterrence . . . is one of the key purposes of sentencing . . . ."); United States v. Jackson, 835 F.2d 1195, 1199 (7th Cir. 1987) (Posner, J., concurring) ("deterrence is the surest ground for punishment . . . since incapacitation may, by removing one offender from the pool of offenders, simply make a career in crime more attractive to someone else, who is balanced on the razor's edge between criminal and legitimate activity and who now faces reduced competition in the crime 'market.'"). As courts have noted, deterrence is particularly important in "white-collar crimes, because they are often perceived as carrying substantially lesser punishment than other comparable offenses." United States v. Panyard, No. 07-20037-2, 2009 WL 1099257, at *12 (E.D. Mich. April 23, 2009).

Stancik's offenses were not isolated incidents. His scheme was rational, calculated and executed over a span of 12 years. The Sixth Circuit has acknowledged, ". . . economic and

7

fraud-based crimes are more rational, cool, and calculated than sudden crimes of passion or opportunity, these crimes are prime candidates for general deterrence." United States v. Peppel, 707 F.3d 627, 637 (6th Cir. 2013) (quoting United States v. Martin, 455 F.3d 1227, 1240 (11th Cir. 2006)).  A sentence of 41 months for Count 1—the maximum sentence within the Guidelines range, plus the mandatory consecutive 24 months for Count 2—would deter others in positions of trust from preying on the elderly and vulnerable.

## IV.  RESTITUTION

As part of his plea agreement with the United States, Stancik agreed to pay restitution to the victims, pursuant to 18 U.S.C. § 3663A, payable immediately and in an amount as the Court imposes.  Restitution to the victims is also directed by the Guidelines and mandated by law. U.S.S.G. § 5E1.1; 18 U.S.C. § 3663A.  The Court should order Stancik to pay a total of $544,398.76 in restitution to the four victims.

## V.  CONCLUSION

For the foregoing reasons, as well as those to be articulated at the sentencing hearing, the United States respectfully requests that this Court sentence Stancik to 65 months – 41 months on Count 1 and the mandatory consecutive 24 months on Count 2 – and order him to pay the victims restitution for their losses.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By:   /s/ Alejandro A. Abreu
       Alejandro A. Abreu (OH: 0089477)
       Chelsea S. Rice (OH: 0076905)
       Assistant United States Attorneys
       United States Court House
       801 West Superior Avenue, Suite 400
       Cleveland, OH 44113
       (216) 622-3620 / 3752

(216) 522-7358 (facsimile)
Alejandro.A.Abreu@usdoj.gov
Chelsea.Rice@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of October 2017 a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

/s/ Alejandro A. Abreu
Alejandro A. Abreu
Assistant U.S. Attorney